UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OTTO CANDIES, LLC** | * | CIVIL ACTION NO.  2:13-cv-447 |
| | * | |
| **VERSUS** | * | SECTION |
| | * | |
| **DRÄGER SAFETY AG & CO.,** | * | DIVISION |
| **KGaA, OCEANWIDE S.a.S, and** | * | |
| **FABER INDUSTRIE SpA** | * | |
| _____/ | | |

## COMPLAINT

COMES NOW, by and through undersigned counsel, Plaintiff Otto Candies, LLC, who makes this Complaint against Dräger Safety AG & Co., KgaA, Oceanwide S.a.S., and Faber Industrie, SpA and avers as follows:

1.

Plaintiff Otto Candies, LLC (hereafter "Candies") is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Des Allemands, Louisiana.

2.

Defendant Dräger Safety AG & Co., KgaA (hereafter "Dräger") is a corporation or other business entity, upon information and belief, organized under and existing under the laws of the nation of Germany, with its principal place of business in Lübeck, Germany.

3.

Defendant Oceanwide S.a.S (hereafter "Oceanwide") is a corporation or other business entity, upon information and belief, organized and existing under the laws of the

1

nation of The Netherlands, with its principal place of business in Rotterdam, The Netherlands.

4.

Defendant Faber Industrie, SpA (hereafter "Faber") is a corporation or other business entity, upon information and belief, organized and existing under the laws of the nation of Italy, with its principal place of business in Udine, Italy.

5.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2) as the Plaintiff is a citizen of Louisiana, the Defendants are citizens of foreign states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

6.

In addition or in the alternative, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 over claims against the Defendants brought pursuant to the United Nations Convention on Contracts for the International Sale of Goods (CISG).

7.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within its jurisdiction, i.e., Houma, Louisiana.

8.

During 2010, Candies and Dräger negotiated and subsequently agreed that Dräger

would supply multiple items for the assembly of dive support systems, e.g., lifeboats, diving bells, dive control rooms, and hyperbaric chambers., etc.

9.

On or about June 14, 2010, Candies and Dräger entered into a written contract (hereafter the "Supply Agreement") for Dräger to sell to Candies, *inter alia*, dive support systems which were to be incorporated into two Candies vessels then under construction.[1] The cost of the package was €17,490,000.

10.

Also on or about June 14, 2010, Candies and Dräger entered into a written contract (hereafter "Second Supply Agreement") for Dräger to sell to Candies additional parts and components necessary to construct the dive support system and to complete the power system for the hyperbaric lifeboat systems supplied in the Supply Agreement.[2] The cost of the additional parts and components under the Second Supply Agreement was €1,000,000.

11.

The Supply Agreement and Second Supply Agreement contained certain express warranties relating to the fitness of the hyperbaric lifeboat systems, the control room, and their component parts.

---

[1] See Exhibit A attached hereto.

[2] See Exhibit B attached hereto,

3

12.

On November 10, 2010, Dräger delivered an incomplete package of parts and components for the hyperbaric lifeboat systems which included several dive chambers and two lifeboats equipped with hyperbaric chambers. The lifeboat systems included compressed air tanks.

13.

The hyperbaric lifeboat systems were originally manufactured by Oceanwide and contained compressed air tanks manufactured by Faber.

14.

However, contrary to the agreement subsequently reduced to the written Supply Agreement, Dräger did not supply the complete diving bells and associated cables. Consequently, Candies was forced to procure the diving bell and cables separately at an additional cost of approximately €240,000.

15.

Further, contrary to the agreement subsequently reduced to the written Supply Agreement and the Second Supply Agreement, the parts, materials, and components supplied were delivered un-cataloged and un-marked, without being properly assembled, and without proper quality control documentation and certification.

16.

Because the parts and components delivered to Candies pursuant to both the Supply Agreement and Second Supply Agreement were delivered without appropriate quality control documentation and/ or certification, Candies was forced to perform quality control testing and inspections on the parts and components for which Candies incurred substantial cost including, but not limited to, the cost to construct a secure testing bunker and special compressor and labor costs.

17.

On March 20, 2012, one of the four compressed air tanks in the hyperbaric lifeboat system fractured, causing an explosion which, among other things, propelled two compressed air tanks through the fiberglass walls of the lifeboat.

18.

In addition to the holes in the hull, the explosion caused damage within the lifeboat rendering it unuseable.

19.

Post accident testing and analysis revealed that the compressed air tank's fracture was caused by a design or manufacturing defect which allowed water to pool in the tank resulting in corrosion.

20.

No warning was provided to Candies of the defect in the compressed air tank.

21.

The defect in the compressed air tank breached an express warranty in the Supply Agreement.

22.

Candies' treatment of the compressed air tank prior to the explosion was a normal and customary practice and was a reasonably anticipated use of the product.

23.

Because the hyperbaric lifeboat system was beyond repair, Candies was forced to purchase another lifeboat system which, together with shipping, installation, and sea trials, cost $1,927,606.16.

24.

Despite amicable demand, neither Dräger, Oceanwide, or Faber has accepted responsibility for the faulty condition of the compressed air tank or made recompense to Candies.

25.

The relationship between Candies and Dräger is controlled by the terms and conditions of the Supply Agreement and the Second Supply Agreement which, *inter alia*,

specify that the agreements would be governed by the laws of the Federal Republic of Germany and specifically excluded application of the "United Nations Convention on International Sales of Goods (CISG)."[3]

26.

Dräger breached the Supply Agreement, *inter alia*, by not supplying a complete dive bell and cable, by supplying a defective compressed air tank, by not appropriately assembling the equipment, and by not supplying appropriate quality control documents and certificates for the parts and materials supplied.

27.

Dräger breached the Second Supply Agreement, *inter alia*, by not assembling the control room, by sending components for the control room un-cataloged and un-marked, by sending the components without appropriate assembly instructions, and by sending the components without proper certification and quality control documents.

28.

Dräger's breach of the contracts violates, *inter alia*, articles 242, 276, and 280 of the German Civil Code (the "Bürgerliches Gesetzbuch").

29.

Further, the hyperbaric dive system and its component parts, including the compressed air tanks, were manufactured, supplied, and/ or sold by Dräger, Oceanwide, and/ or Faber,

---

[3] Exhibit A, paragraph 10.2.

and the system, components, and/ or compressed air tanks were defective and not fit for their intended use.

30.

Dräger's conduct in manufacturing, supplying, and/ or selling the defective hyperbaric lifeboat system with its component parts including the compressed air tanks violated, *inter alia*, articles 823, 434, and 435 of the German Civil Code.

31.

Pursuant to articles 280, 281, 283, 311a, and/ or 440, of the German Civil Code, Dräger is liable to Candies for all costs of the replacement lifeboat system.

32.

Pursuant to La.C.C. art. 3545, Louisiana law applies to the conduct of Oceanwide and Faber.

33.

In addition, or in the alternative, the Convention on Contracts for the International Sale of Goods (CISG) applies to the conduct of Oceanwide and Faber.

34.

Oceanwide's conduct in manufacturing, supplying, and/ or selling the defective hyperbaric lifeboat system with its component parts including the compressed air tanks violated, *inter alia*, the Louisiana Products Liability Act, La.R.S. 9:2800.51 *et seq.*

35.

In addition, or in the alternative, Oceanwide's conduct in manufacturing, supplying, and/ or selling the defective hyperbaric lifeboat system with its component parts including the compressed air tanks violated articles 35 and 36 of the CISG.

36.

In *solido* with Dräger and Faber, Oceanwide is liable to Candies for all costs of the replacement lifeboat system.

37.

Faber's conduct in manufacturing, supplying, and/ or selling the defective compressed air tanks violated, *inter alia*, the Louisiana Products Liability Act, La.R.S. 9:2800.51 *et seq.*

38.

In addition, or in the alternative, Faber's conduct in manufacturing, supplying, and/ or selling the compressed air tanks violated articles 35 and 36 of the CISG.

39.

In *solido* with Dräger and Oceanwide, Faber is liable to Candies for all costs of the replacement lifeboat system.

40.

WHEREFORE, after due proceedings had, Plaintiff Otto Candies, LLC prays for judgment in its favor and against Defendants Dräger Safety AG & Co., KgaA, Oceanwide S.a.S, and Faber Industrie, SpA, that Defendants be compelled to pay Plaintiff all costs

associated with the replacement hyperbaric lifeboat system, that Defendant Dräger Safety AG & Co., KgaA be compelled to pay all costs associated with its breach of contract, that Defendants be compelled to pay all costs of the prosecution of this litigation including but not limited to attorney's fees and expenses, for pre- and post judgment interest, and for all other general and equitable relief to which Otto Candies, LLC may be entitled.

Respectfully submitted,

   /s/   Rufus C. Harris, III
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
CINDY GALPIN MARTIN (#25159)
JILL S. WILLHOFT (#28990)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Facsimile: (504) 525-7222
Attorneys for Otto Candies, LLC

**PLEASE SERVE**

Dräger Safety AG & Co., KgaA
pursuant to the Hague Convention

**PLEASE SERVE**

Oceanwide S.a.S
pursuant to the Hague Convention

**PLEASE SERVE**

Faber Industrie, SpA
pursuant to the Hague Convention