UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **OTTO CANDIES, LLC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-447** |
| **DRAGER SAFETY AG & CO., KGAA, ET AL.** | **SECTION: "H"(5)** |


### ORDER AND REASONS

Before the Court is a Motion to Dismiss for Insufficient Service of Process (R. Doc. 7) filed by Defendant Drager Safety AG & Co., KgaA ("Drager"). For the following reasons, the Motion is GRANTED IN PART. Otto shall effectuate valid service on Drager within sixty days of the entry of this Order.


### BACKGROUND

This is a civil action filed by Plaintiff Otto Candies, LLC, against Defendants Oceanwide, S.a.S. ("Oceanwide"), Faber Industrie SpA ("Faber") and Drager. Drager contracted with Otto for the sale

1

x

of "dive support systems," and certain parts and components necessary to construct those systems. Otto planned to incorporate the dive support systems into two of its vessels. Oceanwide allegedly manufactured the dive support systems, which contained compressed air tanks allegedly manufactured by Faber. Otto contends that one of the compressed air tanks malfunctioned, causing irreparable damage to Otto's vessel.

Otto filed suit in the Eastern District of Louisiana on March 8, 2012. Otto alleged that Drager is a German corporation with its principal place of business in Germany. Accordingly, Otto attempted to serve process on Drager in Germany. Drager responded with the instant motion to dismiss for insufficient service of process.

**LEGAL STANDARD**

Rule 12(b)(5) affords the district court broad discretion to dismiss an action for insufficient service of process. *Kreimerman v. Casa Veerkap, S.D. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). The procedural requirements for service of process are set forth in Rule 4. 5B Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 1353 (3d ed. 2013). Rule 4(h)(2) provides that service on a corporation "at a place not within any judicial district of the United States" may be effectuated "in any matter prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I)." An individual may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by

the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," (the "Hague Convention"), T.I.A.S. No. 6638, 20 U.S.T. 261. Fed. R. Civ. P. 4(f)(1). The Hague Convention "prescribes the exclusive means for service of process emanating from one contracting nation and culminating in another." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 710 (1988) (Brennan, J., concurring); *see also Am. River Transp. Co. v. M/V BOW LION*, No. 03–1306, 2004 WL 764181, at *2 (E.D. La. Apr. 7, 2004). Because Germany and the United States are both signatories to the Hague Convention, service of process on Drager in Germany must comply with the Hague Convention. *See Delta Constructors, Inc. v. Roediger Vacuum*, 259 F.R.D. 245, 247 (S.D. Miss. 2009).

The Hague Convention permits service from abroad through a foreign state's "Central Authority." Hague Convention, 20 U.S.T. 261, art. 2. The authority or competent judicial officer of the state from which the documents to be served originate must forward to the foreign state's Central Authority a request for service of process. *Id.* at art. 3. This request must contain five documents: (1) a "Request for Service Abroad of Judicial or Extrajudicial Documents," (2) a "Certificate" of service on the reverse of the request, (3) a "Summary of the Documents to be Served," (4) a cover sheet, and (5) the actual document(s) to be served. *Myrtle v. Graham*, No. 10–1677, 2011 WL 446397, at *1 (E.D. La. Feb. 4, 2011) (citing Hague Convention, 20 U.S.T. 261, art. 3). If service of process will occur in Germany, the document(s) to be served must be written in German *and* either French or English. *See Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 748–49 (W.D. La. 2000); Hague Convention, 20 U.S.T. 261, arts. 5; 7. The Central Authority reviews

3

the request for service for compliance with the aforementioned requirements, and notifies the applicant of any deficiencies. Hague Convention, 20 U.S.T. 261, arts. 4; 6.

## LAW AND ANALYSIS

Drager argues that service was insufficient under the Hague Convention, because the documents served did not contain: (1) an English version of the complaint, (2) a Request for Service Abroad of Judicial or Extrajudicial Documents, or (3) a Summary of the Documents to be Served.[1] The Central Authority informed Otto by letter dated June 21, 2013, that service of process was not executed, because the documents to be served did not include an English version of the complaint. Otto does not dispute that service of process was defective for this reason.

As to the second and third alleged deficiencies, there is no evidence in the record that Otto failed to serve either a Request for Service Abroad of Judicial or Extrajudicial Documents, or a Summary of the Documents to be Served. To the contrary, Otto has provided the Court a copy of these forms, which appear to have been included in the documents forwarded to the German Central Authority. Furthermore, the Central Authority did not mention any deficiencies in its June 21, 2013, letter other than the failure to provide an English version of the complaint and summons.

Otto's failure to properly serve Drager is not fatal. The Court has discretion to construe

---

[1] As the plaintiff in this matter, Otto bears the burden of proving proper service. *See Sys. Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.3d 1011, 1013 (5th Cir. 1990).

4

Drager's motion to dismiss as a motion to quash service. *See Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (collecting cases). "Where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly, the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case." *Id.* (internal quotation marks omitted). Otto is clearly capable of serving an English version of its complaint.

## CONCLUSION

For the reasons previously stated, the Motion to Dismiss is GRANTED IN PART. Otto shall complete service upon Drager no later than sixty days from the entry of this Order.

New Orleans, Louisiana, this 2nd day of December, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**