UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OTTO CANDIES, LLC                                    CIVIL ACTION

VERSUS                                               NO. 13-447

DRAGER SAFETY AG & CO., KgaA ET AL.                  SECTION "H"(5)

## ORDER AND REASONS

Before the Court is Defendant Drager Safety AG & Co., KGaA's Motion to Dismiss or, in the Alternative, Stay Proceedings Pending Arbitration (R. Doc. 48). For the following reasons, this Motion is GRANTED IN PART, and the case is STAYED.

### BACKGROUND

According to Plaintiff Otto Candies, LLC's Complaint, it entered into two supply contracts (the "Supply Agreements") with Defendant Drager Safety AG & Co., KgaA ("Drager") in 2010 in which Drager agreed to supply certain dive support systems and corresponding components to be incorporated into vessels,

1

which Plaintiff was constructing. Plaintiff alleges that Drager breached the Supply Agreements in various ways, including failing to provide all of the supplies agreed upon, supplying defective products, and failing to provide proper quality control documentation. Plaintiff has also sued Oceanwide, S.a.S ("Oceanwide"), the manufacturer of a hyperbaric lifeboat system supplied to it by Drager, which allegedly contained a faulty air compressor that exploded and rendered the lifeboat unusable.

Drager has filed the instant Motion requesting that this Court dismiss this action for lack of subject matter jurisdiction or improper venue. Alternatively, Drager requests that this action be stayed pending the outcome of arbitration. Both Drager and Plaintiff agree that the Supply Agreements govern their relationship, and each agreement contains an identical arbitration clause that encompasses Plaintiff's complaints herein. Plaintiff does not dispute that, pursuant to the Supply Agreements, the parties agreed to arbitrate "any dispute arising in connection with" the Supply Agreements. Plaintiff merely requests that this action be stayed rather than dismissed.

## LAW AND ANALYSIS

Because the parties do not dispute, and the Court agrees, that Plaintiff's claims are within the scope of a valid arbitration agreement,[1] this Court need

---

[1] A two-step analysis governs whether parties should be compelled to arbitrate a dispute. *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). The Court must first determine whether the parties agreed to arbitrate the dispute. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties,

only consider whether the case should be dismissed or stayed.

9 U.S.C. § 3 expressly states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[2]

Accordingly, "[a] court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement."[3] The Fifth Circuit has stated, however, that this rule does not prevent the district court from dismissing a case when it has determined that all of the issues raised in the case must be submitted to arbitration.[4]

In this case, less than all of the issues presented are subject to arbitration. Specifically, Plaintiff's claim against Oceanwide is not subject to the arbitration

---

and, if so, (2) whether the dispute in question falls within the scope of that agreement. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable. *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

[2] 9 U.S.C. § 3 (West 2014) (emphasis added).

[3] *In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002).

[4] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *see Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 (5th Cir. 2003) (stating that failure to dismiss under those circumstances is not an abuse of discretion).

clause of the Supply Agreements to which Oceanwide was not a signatory.[5] Because all of the issues presented in this case are not subject to mandatory arbitration, this Court declines to dismiss this case and instead stays the case in accordance with 9 U.S.C. § 3.

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED IN PART, and this case is STAYED and ADMINISTRATIVELY CLOSED.

New Orleans, Louisiana, this 1st day of December, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 353 (5th Cir. 2003) ("In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause.").

4